Burnham v. Howard.

*Webster*, for plaintiff.

*H. & H. Belcher*, for defendant.

---

## BURNHAM *versus* HOWARD.

In dilatory pleas, "the highest degree of certainty," or a "certainty to a certain intent in every particular," is required.

They should be such as to preclude all presumption, inference, or argument against the party pleading.

They should contain that technical accuracy, which is not liable to the most subtle objection, and which excludes all such supposable matter, as would, if alleged on the other side, defeat the plea.

To a writ of entry the tenant pleaded in abatement, that, since the last continuance, a deputy sheriff for the county, having in his hands for service, an execution against the demandant, in favor of a third person, in virtue thereof ousted and disseized the tenant, and set off to the creditor the demanded premises, and delivered to him the seizin and possession thereof, which the creditor has ever since held, and still holds.

On demurrer, the plea was held to be bad.

ENTRY. The tenant prays judgment of the writ, because, as he says, after the last continuance of this cause, and be-

fore this day, that is to say, on, &c., one Joseph Shurburne, a deputy sheriff within and for said county, having an execution in his hands for collection, against the said Daniel Burnham, and in favor of one David Dyer, entered upon the premises mentioned in the writ of said Burnham, by virtue of said execution, and disseized the said Howard thereof, and ousted him therefrom, and then and there, by virtue of said execution, levied the same upon said premises, and set off the same premises to said David Dyer, and then and there delivered seizin and possession thereof to said Dyer, which the said Dyer ever since has held and still holds, and this he is ready to verify; wherefore he prays judgment of the said writ, &c.

To this plea there was a demurrer, which was joined.

*Sherburne*, for the tenant.

The real estate in controversy having been levied upon, by virtue of an execution against the demandant, and the tenant having been ousted, it is no longer in the power of the tenant, to render the land, and the writ abates. *Eldridge* v. *Acocks*, 2 Pick. 319; *Walcot & als.* v. *Knight & als.* 6 Mass. 418; *Walcott* v. *Spencer*, 14 Mass. 410; Stearns on Real Actions, chap. 4, sect. 18; 1 Chitty's Plead. 635.

*May*, for the demandant.

The plea is defective. It does not show that the execution authorized the levy. It may have issued from a justice of the peace; or from some court having no jurisdiction; it may not have run against the land; its return day may have passed; it may not have been directed to a deputy sheriff; there may have been fatal defects in the return of the levy. For these and many other omissions, which will at once occur to the mind, the plea does not show title or even actual seizin in the levying creditor, and it is fatally defective.

*Sherburne*, in reply.

The levy took all the title which this demandant had. The creditor was put, by process of law, in possession, so that the tenant cannot render the land.

We think the plea is sufficiently accurate. The *presumption* is, that the execution was issued rightfully, and that all

the proceedings under it were in accordance with law. The plea substantially shows all that is legally requisite.

TENNEY, J. — Under the statute of 1821, chap. 60, sect. 27, it was held, that when an execution was extended upon real estate of the debtor, who was disseized in the mode prescribed, and seizin and possession delivered by the officer to the creditor, the disseizin was purged, and the creditor became actually seized ; and he could maintain a writ of entry, or an action of trespass against the disseizor, provided the right of entry remained to the debtor. *Woodman* v. *Bodfish*, 25 Maine, 317.

The statute of 1821 has been modified by the R. S. chap. 94, § 18, wherein it is provided, that where an execution is levied upon land, into which the debtor therein has the right of entry, and of which another person is seized, the officer shall deliver to the creditor a momentary seizin and possession of the land, so far as to enable the creditor to maintain an action therefor in his own name, and on his own seizin ; but he shall not actually expel and keep out the tenant, then in possession, against his will.

All the debtor's interest in the premises shall pass by the levy, unless it be larger than the estate mentioned in the appraiser's description. R. S. chap. 94, sect. 10.

At common law, in a real action, if pending the suit, the land is recovered from the tenant, the writ abates, the tenant having no power to render the land, and the judgment against him being ineffectual. Com. Dig. Abatement, H. 54. But it is otherwise when a creditor of the tenant has levied an execution upon the demanded premises. *Eldridge* v. *Acocks & al.* 2 Pick. 319. A debtor, however, cannot maintain a writ of entry at the same time that the creditor holds that right. Whatever may be the rights of the tenant in possession, the estate of the debtor having entirely passed from him, subject only to the right of redemption, he is no longer in a condition to commence or prosecute an action for the possession.

In order, however, that the creditor should have the seizin contemplated by the provision referred to, it must be such as

would result only from a title acquired in the land, as between him and the debtor. The officer can give no seizin, excepting as a minister of the law ; and if the law has not been observed in every essential particular, his acts are entirely void, and no rights are obtained under them. The execution must be issued upon a judgment duly rendered by a court of competent jurisdiction, and upon which an execution, which may be satisfied by a levy upon real estate, can issue ; the execution must also be in proper form, directed to the officer who is authorized to enforce it. The proceedings of the officer must conform to the statute in making the levy.

If pending the writ of entry, the right of the demandant to recover the land has been taken away, by the recovery of a stranger from the tenant; or by a valid levy upon it on an execution against the demandant, the suit may be defeated by a plea in abatement filed as early as possible after the facts have transpired, notwithstanding there has been a continuance of the action. Stearns on Real Actions, chap. 4, § 18.

Dilatory pleas, however, having for their object, the defeat of actions upon grounds unconnected with their merits, "the highest degree of certainty," or a certainty "to a certain intent in every particular," is required. This degree precludes all argument, inference or presumption against the party pleading, and as it has been well expressed, is that technical accuracy, which is not liable to the most subtle and scrupulous objection, so that it is not merely a rule of construction, but of addition, for when this certainty is necessary, the party must not only state the facts of his case in the most precise way, but add to them such facts, as to show, that they are not to be controverted, and, as it were, anticipate the case of his adversary, (1 Chit. Pl. 238,) and exclude all such supposable matter, as would, if alleged on the opposite side, defeat the plea. Gould's Pleading, chap. 3, § 57.

The plea in abatement, filed in the case before us, is not such as the rules which have been referred to require. Many of the facts alleged therein would be unavailing to give a

seizin to the creditor, who attempted to extend his execution upon the demanded premises, if they were accompanied with other facts, not inconsistent with those alleged in the plea. There is nothing, which shows that the judgment referred to was rendered by a court having jurisdiction of the subject-matter or of the parties, or that it was one upon which an execution could issue, and authorize the levy on real estate, or that the execution, extended against the lands of the debtor. The particular steps of the officer, in causing the appraisers to be selected and qualified, their appraisal, and his return upon the execution are not alleged, neither is it stated in general terms, that all the proceedings were according to legal requirement. Whether the execution was returned and recorded, the plea does not allege. If it were not, and there were fatal omissions, or positive errors in the acts of the officer which rendered the levy void, the creditor was at liberty to waive the levy, and resort to any other remedy for the satisfaction of his judgment. R. S. chap. 94, § 22.

All the facts alleged in the plea in abatement, which the demurrer confesses, may be true, and the creditor in the execution against the demandant have obtained nothing by the levy attempted to be made.           *Respondeas ouster.*